**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 13 B 20377 |
| REBBIE J. FOSTER, | ) | HONORABLE DONALD R. CASSLING |
| | ) | CHAPTER 13 |
| | ) | |
| Debtor | ) | |

---

| | | |
|---|---|---|
| | ) | |
| | ) | |
| REBBIE J. FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Adv. No 19- |
| | ) | |
| CALIBER HOME LOANS INC., | ) | |
| | ) | |
| RUSHMORE LOAN MANAGEMENT | ) | |
| SERVICES LLC., | ) | |
| | ) | |
| DLJ MORTGAGE CAPITAL INC., | ) | |
| | ) | |
| SELECT PORTFOLIO SERVICING, INC., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## ADVERSARY COMPLAINT

### Introduction

All noticed parties must comply with the court's order.  Noticed parties who fail to

comply with a court's order must be sanctioned.  This is an action to enforce the court's June 14,

2018, order requiring the defendants (Banks or Defendants) to file responses to the notice of final

cure payment filed by plaintiff (Ms. Foster).  The Banks have failed to comply with this court's

order.  Ms. Foster seeks monetary, declaratory, and injunctive relief based on the Banks failure to comply.

Jurisdiction

1. Jurisdiction is conferred on this court pursuant to provisions of § 1334 of Title 28 of the United States Code and is related to the above captioned Chapter 13 case, under Title 11, and concerns property of the plaintiff in this case.

2. The court has both personal and subject matter jurisdiction to hear this case pursuant to section 1334 of Title 28 of the United States Code, section 157(b)(2) of Title 28 of the United States Code.

3. This court has supplemental jurisdiction to hear all state law claims pursuant to § 1367 of Title 28 of the United States Code.

4. Venue lies in this District pursuant to § 1391 (b) of Title 28 of the United States Code.

5. This is an adversarial action under bankruptcy rule 7001(7).

6. This matter is primarily a core proceeding as that term is defined by section 157(b)(2) of Title 28 of the United States Code, in that it concerns claims and matters arising out of the administration of a bankruptcy case and rights duly established under Title 11 of the United States Code, and other applicable federal law.

7. This matter is primarily a core proceeding and the bankruptcy court has jurisdiction to enter a final order.  In the event this case is determined to be a non-core proceeding, plaintiff consents to the entry of a final order by the bankruptcy court.

8.      The court may issue any order, process, or judgment necessary or appropriate to carry out provisions of this title under 11 United States Code § 105(a).

<u>Parties</u>

9.      Ms. Foster is a debtor defined at 15 U.S.C. § 109(a).  The debt allegedly owed was incurred for personal, family, or household purposes and was not for business purposes.

10.     Caliber Home Loans Inc., (Caliber) is a corporate entity, doing business in the State of Illinois, County of Cook.  Caliber is a residential mortgage lender or servicer with its principal place of business in Texas.

11.     As of May 22, 2018, Caliber was in good standing as a corporation in the State of Illinois.

12.     Rushmore Loan Management Services, LLC., (Rushmore) is a corporate entity, doing business in the State of Illinois, County of Cook.  Rushmore is a residential mortgage servicer with its principal place of business in California.

13.     As of June 19, 2018, Rushmore was in good standing as a corporation in the State of Illinois.

14.     DLJ Mortgage Capital, Inc., (DLJ), is a corporate entity, doing business in the State of Illinois, County of Cook.  DLJ is a mortgage lender with its principal place of business in New York.

15.     As of July 27, 2018, DLJ was active and in good standing as a corporation in the State of Illinois.

16.     Select Portfolio Servicing, Inc., (SPS) is a corporate entity, doing business in the State of Illinois, County of Cook.  SPS is a mortgage servicer with its principal place of business in Utah.

17.     As of March 30, 2018, SPS was active and in good standing as a corporation in the State of Illinois.

18.     In February of 2019, Ditech Financial LLC., FDBA Green Tree Servicing, LLC., filed for chapter 11 bankruptcy relief.

### Initial Bankruptcy Factual Allegations

19.     Ms. Foster filed for chapter 13 relief on May 14, 2013.  (ECF No.1).

20.     Included in the chapter 13 case was a debt secured by Ms. Foster's principal residence owed to DLJ Mortgage Capital Inc., serviced by Green Tree Servicing, LLC.

21.     Ms. Foster's principal residence is located at 16436 Oxford Drive, Markham, Illinois 60428.

22.     The amended chapter 13 model plan called for Green Tree Servicing, LLC., to be paid in full during the plan term. The total claim in the plan was $83,867.00. **"Exhibit A"**.

23.     On August 22, 2013 the honorable Judge Janet S. Baer entered an order of confirmation of Ms. Foster's amended chapter 13 model plan.  **"Exhibit B"**.

24.     On May 31, 2013, Green Tree Servicing, LLC., filed proof of claim number 2-1 in the amount of $76,911.59.  **"Exhibit C"**.

4

25.     On July 30, 2013, Green Tree Servicing, LLC., transferred designated claim number 2-1 in the amount of $76,911.59 to CFSB Special Servicing, serviced by Select Portfolio Servicing, Inc.  **"Exhibit D"**.

26.     On September 20, 2013, another proof of claim, number 5-1 was filed on behalf of DLJ Mortgage Capital Inc. in the amount of $72,709.05.  Select Portfolio Servicing, Inc. was the servicer for lender DLJ Mortgage Capital Inc.  A representative for Select Portfolio Servicing, Inc. filed the proof of claim.  **"Exhibit E"**.

27.     Proof of claim number 5-1 was withdrawn on October 31, 2013 by DLJ Mortgage Capital Inc.  Error was the written reason for withdrawal of proof of claim number 5-1. **"Exhibit F"**.

28.     DLJ Mortgage Capital Inc. continued to file mortgage related documents with the bankruptcy clerk of under claim number 5-1.   An example is the notice of mortgage payment change filed on behalf of DLJ Mortgage Capital Inc., on August 11, 2015. **"Exhibit G"**.

29.     On January 12th, 2017, Select Portfolio Servicing, Inc. as servicer for DLJ Mortgage Capital Inc., transferred claim number 5-1 to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.  The amount of the claim was $72,709.05.  The servicer for U.S. Bank Trust, N.A., was Caliber Home Loans, Inc.  **"Exhibit H"**.

30.     Chapter 13 trustee, Tom Vaughn, paid the entire amount under proof of claim number 2-1.  The chapter 13 trustee paid various amounts to Caliber Home Loans, Inc., DLJ Mortgage Capital Inc., Select Portfolio Servicing, Inc., and Green Tree Servicing, LLC. **"Exhibit I"**.

31.     A notice of final cure payment, under bankruptcy rule 3002.1(f), form B410 aka 4100(N), was not filed within thirty days after completion of Ms. Foster's plan payments to the chapter 13 trustee.

32.     Ms. Foster received a discharge on February 27, 2017.  (ECF No. 50).

33.     The chapter 13 bankruptcy was closed on April 10, 2017.  (ECF No. 53).

34.     Caliber Home Loans Inc. as servicer for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, transferred the alleged mortgage claim to J.P. Morgan Mortgage Acquisition Corp., serviced by Rushmore Loan Management Services LLC. after the bankruptcy case was closed.  The transfer of the alleged claim occurred on June 13, 2017.  The transfer of claim happened after the chapter 13 trustee paid the entire mortgage balance.  Caliber received substantial monies from the chapter 13 trustee during Ms. Foster's case.  **"Exhibit J"**.

35.     After the discharge order was entered, Ms. Foster received numerous mortgage statement collection letters from Rushmore.  **"Exhibit K"**.

36.     Ms. Foster became physically and emotionally distressed upon receiving the mortgage statement collection letters.  The emotional distress of receiving the collection statements caused Ms. Foster to grind her teeth to the point of requiring a crown to be replaced many times.

37.     In November of 2017, Ms. Foster received a mortgage statement collection letter indicating a suspension of statements and notice of charge off.  The mortgage statement letter was sent by Rushmore Loan Management Services, LLC.  **"Exhibit L"**.

Factual Allegations After Court Order Of March 22, 2018

38.    On March 22, 2018, this court entered an order reopening Ms. Foster's chapter 13

case and allowed the debtor to file a final cure payment.  The order required Rushmore

Loan Management Services, LLC. and Caliber Home Loans Inc. to file responses to the

notice of final cure payment, form B410A aka 4100(R).  (ECF No. 56).  On March 30,

2018, Ms. Foster's counsel electronically filed a notice of final cure payment, form

4100N.  The names of the mortgage creditors on the 4100N form were Caliber Home

Loans Inc. and Rushmore Loan Management Services, LLC.  The court claim number on

the final cure document mistakenly was 5-1.  **"Exhibit M"**.

39.    Caliber did not file an objection or response to the court ordered final cure

payment requirement entered on March 22, 2018.

40.    Rushmore did not file an objection or response to the court ordered final cure

payment requirement entered on March 22, 2018.

41.    On April 20, 2018, U.S. Bank Trust, N.A. as Trustee for LSF9 Master

Participation Trust filed a response to notice of final cure payment, form 4100(R).  The

response attached filed proof of claim 2-1 as an exhibit.  Proof of claim number 2-1 was

paid in full by the chapter 13 trustee, Tom Vaughn.  The response stated the creditor

disagreed the debtor(s) had paid in full the amount required to cure the prepetition default

on the creditors claim.  The creditor asserted the total amount remaining unpaid as of the

date of the response was $72,709.05.  Additionally, the creditor stated the debtor(s) are

not current on all post-petition payments consistent with § 1322(b)(5) of the bankruptcy

code, including all fees, charges, expenses, escrow, and costs.  The creditor asserted

claim number 5-1 was withdrawn on October 31, 2013 and the total amount due is $72,709.05. **"Exhibit N"**.

42.     Ms. Foster paid the entire claim of the mortgage during the bankruptcy case.  She became extremely nervous, isolated, distressed, and anxious upon learning U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust filed a response to notice of final cure payment stating the mortgage had not been paid in full.

43.     U.S. Bank N.A.'s mortgage trust servicer was Caliber Home Loans Inc.  Caliber was specifically paid various monies by the chapter 13 trustee Tom Vaughn under claim 2-1 during the bankruptcy case.  Although Ms. Foster's final cure payment form mistakenly referenced claim number 5-1, U.S. Bank N.A. knew or should have known Caliber Home Loans Inc., as servicer of the Trust, was paid by the chapter 13 trustee.

44.     U.S. Bank N.A.'s filed response to Ms. Foster's notice of final cure attached proof of claim number 2-1 as an exhibit.  The attached proof of claim was referred to as a basis for Ms. Foster allegedly owing debt on the principal residence.   Claim 2-1 had already been paid in full by the chapter 13 trustee.

45.     As required by this court's order, Caliber and Rushmore did not file a response to Ms. Foster's notice of final cure payment form B410A aka 4100(R).

46.     Ms. Foster experienced extreme anxiety and isolation when advised the banks failed to respond to the court ordered notice of final cure payment.

47.     The chapter 13 bankruptcy was again closed on April 23, 2018.  (ECF No. 58).

<u>Factual Allegations After Court Order Of June 14, 2018</u>

48.     On June 14, 2018, this court entered an order reopening Ms. Foster's chapter 13

case and allowed the debtor to file a final cure payment.  The order required each and

individually, U.S. Bank Trust, N.A., as Trustee, for LSF9 Master Participation Trust,

Caliber Home Loans Inc., DLJ Mortgage Capital Inc., Select Portfolio Servicing, Inc.,

Green Tree Servicing, LLC., Rushmore Loan Management Services LLC., and J.P.

Morgan Mortgage Acquisition Corp. to file responses to the notice of final cure payment,

form B410(A) aka 4100(R), within twenty-one days after service of the notice according

to subdivision 3002.1(g). ECF No. 62.

49.      On June 27, 2018, Ms. Foster's counsel electronically filed a notice of final cure

payment, form 4100(N).  The names of the mortgage creditors on the 4100(N) form were

U.S. Bank Trust, N.A., as Trustee, for LSF9 Master Participation Trust and others

included in the June 14, 2018 bankruptcy court order, ECF No. 62.   **"Exhibit O"**.

50.     Proof of service for the electronically filed notice of final cure payment was made

on July 3, 2018.  ECF No. 64.

51.     Ms. Foster's counsel sent certified mail notice of final cure payment and this

court's order reopening the bankruptcy to the banks.  **"Exhibit P".**

52.     Caliber, Rushmore, DLJ, SPS, and Ditech did not file objections to the court

ordered final cure payment response requirement.

53.     On July 18, 2018 U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation

Trust filed a response to notice of final cure payment, form 4100(R).  The creditor agreed

Ms. Foster was current and had paid in full the amount required to cure the petition

default on the creditor's claim.  **"Exhibit Q"**.

54.    On July 18, 2018, JP Mortgage Acquisition Corporation filed a notice of final

cure payment form 4100(R).  The creditor agreed Ms. Foster was current and had paid in

full the amount required to cure the petition default on the creditor's claim.  **"Exhibit R"**.

55.    On February 14, 2018, First American Title Insurance Company filed a

satisfaction of mortgage document with the Cook County Recorder of Deeds office.  The

document was signed by Jared Kops, a vice president of Rushmore Loan Management

Services LLC, servicing agent on behalf of J.P. Morgan Acquisition Corporation and

successor in interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation

Trust.  **"Exhibit S"**.

56.    As required by this court's order, Caliber Home Loans Inc., DLJ Mortgage

Capital Inc., Select Portfolio Servicing, Inc., Ditech, and Rushmore Loan Management

Services, LLC., did not file individual responses to Foster's notice of final cure payment

form B410(A) aka 4100(R).

57.    The chapter 13 bankruptcy was closed on July 25, 2018.  ECF No. 65.

58.    The failure of the Banks to file the court ordered notice of final cure payment

responses, form B410A aka 4100(R) has caused Ms. Foster to have constant anxieties

and distress the Banks will resume attempts to collect the alleged debt.

59.     The voluntary choice to violate this court's specific order and other bankruptcy

laws constitutes civil contempt.

60.     The Banks are sophisticated financial creditors with knowledge of state, federal, and bankruptcy rules and procedures.  This further justifies the necessity for the award of equitable sanctions in this case.

61.     Under 11 U.S.C. § 105, the court may regulate the conduct of any person or party appearing before the court.  The court may enter any order, process, or judgment that is necessary or appropriate to carry out the provisions of the bankruptcy code.

<u>Causes of Action</u>

<u>Count 1. – Contempt and Sanctions for Violation of the Court's June 14, 2018 Order</u>.

62.     The foregoing allegations and exhibits of this complaint are re-alleged and incorporated by reference.

63.     On June 14, 2018 the court ordered each individual bank to file responses to Ms. Foster's notice of final cure payment form 4100(R) within twenty-one days after service of the notice according to subdivision 3002.1(G).

64.     Proof of service for the electronically filed notice of final cure payment was made on July 3, 2018.  ECF No. 64.

65.     Ms. Foster's counsel sent certified mail notice of final cure payment and this court's order reopening the bankruptcy to the banks.

66.     The noticed banks have voluntarily chosen to violate this court's order and other bankruptcy rules by failing to comply.

        WHEREFORE, Ms. Foster respectfully prays this Court to award judgment against the defendants as follows:

a.      The defendants be required to file the court ordered notice of final cure payment response, form B410A aka 4100(R).

11

b.    The defendants be found in contempt for the deliberate failure to file the court ordered notice of final cure payment response form B410 aka 4100(R).

c.    for an award of costs with expenses of litigation and reasonable attorneys' fees and

d.    for such other and further relief as the Court may deem just and proper.

### Count 2. – Violation of Bankruptcy Rule 3002.1(g)

67.    The foregoing allegations of this complaint are re-alleged and incorporated herein by reference.

68.    Bankruptcy rule 3002.1(g) states in part, "Within twenty-one days after service of the notice under this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees the debtor has paid in full the amount required to cure the default on the claim and (2) whether the debtor is otherwise current on all payments consistent with 1322(b)(5) of the bankruptcy code."

69.    On June 27, 2018, Ms. Foster's counsel electronically filed a notice of final cure payment, form 4100(N). The names of mortgage creditors on the 4100(N) form were U.S. Bank Trust, N.A., as Trustee, for LSF9 Master Participation Trust and others included in the June 14, 2018 bankruptcy court order, ECF No. 62.

70.    Ms. Foster's counsel sent certified mail notice of final cure payment and this court's order reopening the bankruptcy to the banks.

71.    Bankruptcy rule 3002.1(i)(2) provides remedies for the failure of a claim holder to provide a response to the notice of final cure payment. If the holder of a claim fails to provide any information required by statute, the court may after notice and a

hearing, award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

72.      Caliber Home Loans Inc., DLJ Mortgage Capital Inc., Select Portfolio Servicing, Inc., and Rushmore Loan Management Services, LLC., have chosen not to file individual responses to Ms. Foster's notice of final cure payment form B410(A) aka 4100(R).

73.      The noticed banks willfully decided not to file the specific required court ordered final cure payment responses.

WHEREFORE, Ms. Foster respectfully prays this Court to award judgment against the defendants as follows:

a.      The defendants be required to file the court ordered notice of final cure payment response, form B410A aka 4100(R).

b.      for an award of costs with expenses of litigation and reasonable attorneys' fees and

c.      for such other and further relief as the Court may deem just and proper.


Respectfully submitted,


/s/  Anthony Kudron

Anthony Kudron
Erik A. Martin
Robert J. Semrad Associates
20 South Clark, 28th Floor
Chicago, IL 60602
(312) 913-0625